## NATHANSON *v.* UNITED STATES.

No. 39. Argued October 9, 1933.—Decided November 6, 1933.

*Mr. Frederic M. P. Pearse* for petitioner.

---

*Assistant Solicitor. General MacLean,* with whom *Solicitor General Biggs* was on the brief, for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

In the trial court, where he was defendant under a criminal information, petitioner Nathanson duly, but unsuccessfully, challenged the admission as evidence of certain liquors seized under color of a search warrant, issued, he claimed, in violation of the Fourth Amendment. The Circuit Court of Appeals affirmed the judgment against him.

Upon complaint of the customs agent in charge, a State judge sent out the questioned warrant. Its pertinent recitals and command follow:

" Whereas said Francis B. Laughlin has stated under his oath that he has cause to suspect and does believe that certain merchandise, to wit: Certain liquors of foreign origin a more particular description of which cannot be given, upon which the duties have not been paid, or which has otherwise been brought into the United States contrary to law, and that said merchandise is now deposited and contained within the premises of J. J. Nathanson said premises being described as a 2 story frame dwelling located at 117 No. Bartram Ave. . . .; and

" Whereas said Francis B. Laughlin has requested that a warrant issue to him, authorizing him to enter said premises and search for and seize said merchandise:

" Now, therefore, you are commanded, in the name and by the authority of the President of the United States, to enter and search the premises hereinbefore described, in the daytime (if a dwelling house) at any time of the day or night (if other than a dwelling house) and to seize and take into your possession the merchandise hereinbefore described, or so much thereof as may be found, to the end that the same may be dealt with according to law."

The Circuit Court of Appeals said [63 F. (2d) 937, 938]—" The appellant contends that the affidavit upon which the search warrant was issued showed no facts upon which to base a finding of probable cause; that the search warrant was therefore illegal; and that the use of the property so seized as evidence in a criminal prosecution amounted to a violation of the protection afforded by the Fourth Amendment to the Constitution. . . .

" Had this warrant issued under authority of the Prohibition Act, it would be invalid, since the affidavit was merely based upon cause to suspect and suspicion. It issued, however, under the authority of [§ 595] the Tariff Act of 1930 . . ." [46 Stat. 752, c. 497; 19 U.S.C.A. Supp. 1595. This is identical with § 595, Tariff Act of 1922, 42 Stat. 983, c. 356, copied in the margin*.]

And it held [p. 939]—" In the instant case the seizure was under the tariff laws. The Government had a pecu-

---

*Act 1922 and Act of 1930. Sec. 595. Searches and seizures. (a) Warrant. If any collector of customs or other officer or person authorized to make searches and seizures shall have cause to suspect the presence in any dwelling house, store, or other building or place of any merchandise upon which the duties have not been paid, or which has been otherwise brought into the United States contrary to law, he may make application, under oath, to any justice of the peace, to any municipal, county, State, or Federal judge, or to any United States commissioner, and shall thereupon be entitled to a warrant to enter such dwelling house in the daytime only, or such store or other place at night or by day, and to search for and seize such merchandise. . . .

niary interest in the smuggled goods. Following the reasoning in the cases cited, we conclude that that interest was sufficient to justify the issuance of the search warrant and that the search and seizure, based on the sworn complaint (phrased almost in the very words of the Tariff Act) and the warrant thereon, did not violate the constitutional rights of the defendant. This court, in *Bookbinder* v. *United States,* 287 Fed. 790, certiorari denied, 262 U.S. 748, held that evidence obtained on a search warrant for violation of the customs laws is admissible in a prosecution for violation of the prohibition laws."

We think the court below acted upon an erroneous view. Its judgment must be reversed.

This court has often spoken concerning searches and seizures and the limitations of the Fourth Amendment. *Locke* v. *United States,* 7 Cranch 339; *Boyd* v. *United States,* 116 U.S. 616; *Adams* v. *New York,* 192 U.S. 585; *Weeks* v. *United States,* 232 U.S. 383; *Gouled* v. *United States,* 255 U.S. 298; *Byars* v. *United States,* 273 U.S. 28; *Maul* v. *United States,* 274 U.S. 501; *Go-Bart Importing Co.* v. *United States,* 282 U.S. 344; *United States* v. *Lefkowitz,* 285 U.S. 452. See also Cooley, Constitutional Limitations, 7th ed., p. 427.

Here, we are dealing with a warrant to search a private dwelling said to have been authorized by the Tariff Act. It went upon a mere affirmation of suspicion and belief without any statement of adequate supporting facts.

All unreasonable searches and seizures are absolutely forbidden by the Fourth Amendment. In some circumstances a public officer may make a lawful seizure without a warrant; in others he may act only under permission of one. In the present case the place of search and seizure was a private dwelling. The challenged warrant is said to constitute adequate authority therefor. The legality of the seizure depends upon its sufficiency. Did it issue upon probable cause supported by oath or affirmation within the intendment of the Amendment?

The Amendment applies to warrants under any statute; revenue, tariff, and all others. No warrant inhibited by it can be made effective by an act of Congress or otherwise.

It is argued that searches for goods smuggled into the United States in fraud of the revenue, based upon affidavits of suspicion or belief, have been sustained from the earliest times; that this practice was authorized by the Revenue Act of July 31, 1789, 1 Stat. 43, also subsequent like enactments. But we think nothing in these statutes indicates that a warrant to search a private dwelling may rest upon mere affirmance of suspicion or belief without disclosure of supporting facts or circumstances.

Although relied upon, we find nothing in *Locke* v. *United States* and *Boyd* v. *United States* which upholds the view of the Circuit Court of Appeals. The first of these causes was a proceeding to forfeit a cargo of imported goods seized for violation of the revenue laws. It presented no question concerning the validity of a warrant. The second denied the right to compel production of private papers in a suit by the United States to establish a forfeiture of goods fraudulently imported.

Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough.

*Reversed.*