**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Howard DIXON, Defendant-Appellant.
No. 15402.**

United States Court of Appeals
Sixth Circuit.

July 8, 1964.

J. Leon Katz, Detroit, Mich., Earl D. Leader, J. Leon Katz, Detroit, Mich., on the brief, for appellant.

Robert J. Grace, Detroit, Mich., Lawrence Gubow, U. S. Atty., Robert J. Grace, Asst. U. S. Atty., Detroit, Mich., on the brief, for appellee.

Before CECIL and O'SULLIVAN, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant was convicted for failing to register with the District Director of Internal Revenue as a person engaged in

the business of accepting wagers for profit, according to the requirement of Title 26 U.S.C.A. §§ 4411, 4412, and 7203.

The background of the case is as follows: Pursuant to a search warrant, agents of the Intelligence Unit of the Internal Revenue Service, accompanied by other Treasury officers and Detroit Police officers, smashed part of a locked door, and thereafter effected an entry into a residence at 121 Colorado, Highland Park, Michigan, and placed appellant under arrest, seizing, at the same time, records and property used in betting. They also took from appellant $454 in cash.

Prior to trial, appellant moved to suppress the evidence and to return the property seized. These motions were denied, and, during the trial, the motions were renewed, and again denied.

As the case resolves itself, we are concerned only with the claimed error that the trial judge should have suppressed the evidence seized as the result of the search warrant and dismissed the indictment. No warrant shall issue, but upon probable cause, supported by oath or affirmation. Amendment IV to the Constitution of the United States. See also Rule 41(e) (4) of the Federal Rules of Criminal Procedure.

Application for the search warrant was made on a printed form with the appended affidavit of Martin J. Bierman, Special Agent. The affidavit set forth that the surveillance of the premises to be searched had been conducted by affiant and other Special Agents and by members of the Detroit Police Department; that affiant had reason to believe that there were concealed on the premises wagering records used in violation of the above-mentioned statute; that, from the period beginning June 20, 1961, until June 28, 1961, appellant and Phil Wall had been observed entering and leaving the premises in question between the hours of 11:30 A.M. and 6:30 P.M., which were the usual hours during which bookmakers operated in the Detroit area; that Phil Wall had been arrested thirty-one times on charges of gambling, burglary, receiving stolen property, felonious assault, and operating a handbook; that appellant had been arrested five times for investigation of operating a handbook. Out of all of the arrests, Wall had pleaded guilty only once to a violation of the federal wagering act, and appellant had pleaded guilty once to an attempt to defeat and evade the Federal Wagering Excise Tax.

■ Bierman, the affiant in the affidavit for the search warrant, admitted on the witness stand that he had never personally carried on any surveillance of appellant. However, Bierman stated that he knew that Phil Wall was going to, and coming from, 121 Colorado Street. The statement of Agent Bierman in his affidavit is barren of any documentation by him as to what facts supported his conclusion that a handbook was in operation at the named premises. It is uninformative as to who conducted the particular surveillance. It failed to allege the date or dates, or how many times, the appellant or Phil Wall was seen at the premises. There remained only an uncertain conclusional statement that appellant regularly met Phil Wall at 121 Colorado. It appears that Bierman's knowledge of Phil Wall's coming from, and going to, 121 Colorado Street was based possibly on what another agent, unnamed, or other agents, unnamed, told him, and the testimony introduced on this aspect of the case is so uncertain, thin, and ragged, and of such a character, barely rising to the dignity of hearsay evidence, that it can be said there is no evidence in the transcript that either Bierman or any other officer ever saw Wall going to, or coming from, the premises in question. There is no substantial basis for crediting the hearsay in the affidavit. Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697.

The only officer who ever saw Dixon enter the house at 121 Colorado, Highland Park, Michigan, was Sergeant Demers of the Detroit Police Department

**324**

Vice Squad. He testified that he saw Dixon enter the house on the afternoon of June 22, 1961, at 12:17 P.M., after having previously observed him driving his wife's car. On June 27, 1961, Sergeant Demers, accompanied by Special Agent Beaghan, saw appellant Dixon's wife's car parked in the driveway at 121 Colorado from 11:30 A.M. to 4:45 P.M.

There is no evidence that any officer had seen, or heard any information that Phil Wall, who was arrested with appellant, and had previously pleaded guilty to violation of the federal wagering statute, was seen at any time going to the house at 121 Colorado. The government was trying to build a case on the ground that Wall and appellant Dixon, one previously found guilty of violation of the federal wagering act in 1955, and the other, of violation of the same act, in 1960, were together, frequenting the house at 121 Colorado, and that this was reasonable ground to believe that they were engaged in taking wagers in violation of the statute. The only way in which the government attempted to show that Wall had been seen going to and coming from the house, is found in the following direct testimony of Special Agent Bierman, elicited by the government:

"Q. But you had seen, on the basis of what your statement—your statement in the affidavit—you or other agents under your supervision had seen Phil Wall going and coming to this 121 Colorado; is that not correct?

"A. That is correct."

An examination of the transcript discloses no testimony by Bierman, or any other agents under his supervision, or any other officers, that any of them had even seen Phil Wall going to or coming from the house at 121 Colorado.

 The only information which Special Agent Bierman had in making his affidavit for a search warrant was that appellant Dixon had been seen entering the house at 121 Colorado once, on June 22, 1961, and that on June 27,

1961, the car registered in the name of Dixon's wife had been parked in the driveway at 121 Colorado, as well as the fact that appellant Dixon had previously pleaded guilty to violating the federal wagering act, Title 26 U.S.C.A. §§ 4411, 4412, and that Phil Wall had also pleaded guilty to violating the same provisions of the statute. In view of the fact that there was no evidence, prior to the execution of the search warrant, that Phil Wall had ever entered the premises of 121 Colorado, the grounds for filing the affidavit for a search warrant, as far as appellant Dixon is concerned, were that he had been seen once on June 22, 1961, entering the premises, and that five days later, his wife's car was seen parked in the driveway—and that he had previously paid a fine for violation of the federal wagering act. This is not "probable cause" for the issuance of a search warrant; it amounts to nothing more than suspicion on the part of the officers. The mere fact that a man has been guilty of violating the act, at some prior time, is no basis for issuing a search warrant thereafter because he has been seen on a single occasion entering premises thereafter named in the search warrant, and that, subsequent to his entering such premises, his wife's car, on a single occasion, has been seen parked in the driveway of the premises. A warrant to search a private dwelling may not rest upon mere affirmance of suspicion or belief without disclosure of supporting facts or circumstances. Under the Fourth Amendment, a judge may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmance. Mere affirmance of belief or suspicion is not enough. Nathanson v. United States, 290 U.S. 41, 47, 54 S.Ct. 11, 78 L.Ed. 159.

 There was no probable cause to justify the issuance of the search warrant in this case. The evidence secured as a result of the execution of the search warrant should have been suppressed, and the sum of $454 seized by the agents

of the government from appellant Dixon should be returned to him.

In accordance with the foregoing, the judgment of conviction is set aside; the funds seized are ordered to be returned to appellant; and the case is dismissed.