STATE OF CONNECTICUT *v.* LOUIS WEINSTEIN

FILE No. CR 6-25922

STATE OF CONNECTICUT *v.* WILLIAM SCHULTZ

FILE No. CR 6-25921

STATE OF CONNECTICUT *v.* EDWARD PERSKY

FILE No. CR 6-25920

CIRCUIT COURT                                    SIXTH CIRCUIT

Memorandum filed October 3, 1964

*Sherman Drutman,* assistant prosecuting attorney, for the state.

*Howard A. Jacobs,* of New Haven, for all defendants.

DiCENZO, J.  These matters were presented to this court on a stipulation of facts essentially as follows: On July 28, 1964, an assistant prosecutor in the sixth circuit presented to a judge of the Circuit Court an affidavit and application for a search and seizure warrant.  The judge became satisfied that there existed grounds for the application and the issuance of a search and seizure warrant and therefore signed such a warrant, commanding the police offi-

cers to search a place designated as 93 Crown Street in New Haven. On July 28, 1964, and pursuant to the mandate of the search and seizure warrant, the officers searched the place designated and seized a number of articles and items. One of the police officers making the search and seizure prepared a return for and inventory of the property seized and filed the same with the clerk of the court on July 29, 1964. Following the search and seizure, the police officers arrested the defendants on charges of violating §§ 53-295 and 53-298 of the General Statutes. No summons was served on the defendants pursuant to § 54-33g.

The defendants move to suppress the evidence seized, assign a number of reasons in support of the motion, and assert that the search and seizure warrant was issued without probable cause for believing the existence of the grounds on which it was issued, and in violation of the fourth and fourteenth amendments to the constitution of the United States.

An analysis of the record establishes that the prosecutor made the application and affidavit on hearsay information without informing the judge of some of the underlying circumstances on which the information was acquired. The record does not reveal that the prosecutor or the police officers informed the judge of some of the facts that led to their conclusion. Although the application and affidavit recite a surveillance and investigation, nothing appears in the record to show some of the circumstances of the surveillance, or some of the evidence it produced, which would enable the judge to make an independent judicial determination of the existence of probable cause. The record does not reveal who made the surveillance nor when and how it was made. At the hearing on the instant motion, no evidence was offered to show that other facts than

those recited in the application were brought to the attention of the issuing judge.

The constitutional question here involved is controlled by the very recent decision of *Aguilar* v. *Texas,* 378 U.S. 108 (June 15, 1964). The facts in the *Aguilar* case are almost analogous to the facts in the instant cases. In delivering the opinion of the court, Mr. Justice Goldberg, wrote (p. 110): "An evaluation of the constitutionality of a search warrant should begin with the rule that 'the informed and deliberate determinations of magistrates empowered to issue warrants . . . are to be preferred over the hurried action of officers . . . who may happen to make arrests.' *United States* v. *Lefkowitz,* 285 U.S. 452, 464. . . . Although the reviewing court will pay substantial deference to judicial determinations of probable cause, the court must still insist that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police."

The rationale in the *Aguilar* case, supra, 113, can be quoted in the instant cases as follows: "The vice in the present affidavit is at least as great as in . . . [*Nathanson* v. *United States,* 290 U.S. 41] and [*Giordenello* v. *United States,* 357 U.S. 480]. Here the 'mere conclusion' that petitioner possessed narcotics was not even that of the affiant himself; it was that of an unidentified informant. The affidavit here not only 'contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein,' it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge.' For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner's possession. [Footnote omitted.] The magistrate here certainly could not 'judge for himself the

persuasiveness of the facts relied on . . . to show probable cause.' He necessarily accepted 'without question' the informant's 'suspicion,' 'belief' or 'mere conclusion.' "

If the underlying circumstances from which the conclusions are drawn by the informant, by a prosecutor, or by the police are not brought to the attention of the issuing judge, then " 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crimes.' " *Aguilar* v. *Texas,* supra, 115.

The court is not unmindful of the seriousness of keeping in proper perspective the need for the ever vigilant work of the police in law enforcement, and the protection of a defendant's right to detention and hearing on a constitutional basis. The majority opinion in *Aguilar,* supra, emphasizes this seriousness, and Mr. Justice Clark, in the dissenting opinion, sets forth the minority view that the decision may well be an obstacle in the administration of criminal justice. Nevertheless, fundamental questions of constitutional privileges are involved, and the decisions of the United States Supreme Court are the law of the land.

Although a substantial regard for the judgment of the issuing judge has been before the court constantly, nevertheless the conclusion is unavoidable that the search warrant should not have been issued in the circumstances because neither the affidavit nor other disclosures provided a sufficient basis for a finding of probable cause. Therefore the evidence obtained as a result of executing the search warrant is suppressed and is not admissible in defendants' trial.