**217 A.2d 471.**

STATE *vs.* JOSEPH DAVID LEBLANC.

MARCH 15, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

JOSLIN, J. The defendant was found guilty by a jury in the superior court on a complaint charging him with recording and registering wagers upon the results of contests of horse racing in violation of G. L. 1956, §11-19-14. The case is here on the defendant's bill of exceptions which includes an exception to the denial of his motion to suppress certain evidence seized by the police acting under a warrant in the course of a search of a dwelling house owned and occupied by him. Because it is dispositive it is the only exception we consider.

The chief of police of the city of Central Falls on November 5, 1959, on a printed form designated as "Complaint and Search Warrant," complained in writing under oath to the clerk of a district court that defendant was keeping certain "Books, apparatus, or paraphernalia * * * used in the recording or registering of bets and wagers" in his dwelling house and that he had in violation of the laws of this state on November 4, 1959, recorded and registered wagers on horse races. He asked that process issue commanding a search of the premises and a seizure of the goods and chattels described if found thereon. In support of his complaint and attached to it is a verified affidavit, dated November 5, 1959, of two police officers and electors of Central Falls. Insofar as here material it reads:

"We * * * depose and say that we have reason to believe that Joseph LeBLANC is conducting a resort for gamblers for purposes of gambling at a premises numbered 75 Clay street, in the City of Central Falls, Providence County, for the reason that it has been reported to us and investigated by us that the said Joseph LeBLANC did register and record a bet on the 4th Day of November, A.D. 1959 and did on said date, also, forward from said premises a bet and wager by telephone, and that we have long had the said Joseph LeBLANC under surveillance."

On November 5, 1959, during daylight hours and armed with the warrant which purportedly had issued under authority of G. L. 1956, §11-19-24, local police officers knocked on the door of defendant's dwelling house, identified themselves, and after hearing a "rumpus inside" forced the door, entered the house and found defendant there. They searched the house and seized various articles commonly associated with gambling on horse races including betting slips and racing forms. Prior to the trial defendant duly moved to suppress the evidence thus obtained on the ground that the warrant had been illegally procured in violation of his rights under the state and federal constitutions. It is with

the exception to the denial of that motion that we are concerned.

At the outset we dispose summarily of the state's technical objections that the record neither includes a transcript of the hearing on the motion to suppress nor discloses that defendant excepted to the ruling denying that motion. Assuming without deciding that those objections have merit, the state is precluded from interjecting them at this stage of the hearing for the reason, among others, that it failed to urge them at a hearing either in the trial court on the allowance of the transcript and the bill of exceptions or in this court on a motion to establish the truth of the exceptions and the transcript. See *Smith* v. *Hurley,* 29 R. I. 489.

We come now to the real issue in the case and inquire whether defendant's right, guaranteed by the fourth amendment to the federal constitution and by art. I, sec. 6, of our own constitution,[1] to be secure in his person, house, papers, and effects against unreasonable searches and seizures, was violated because the warrant executed against him issued without a prior showing, supported by oath or affirmation, of probable cause.

Since *Ker* v. *California,* 374 U. S. 23, was decided in 1963 the fourth amendment's proscriptions against unreasonable searches and seizures are enforced against the states through the fourteenth amendment and it is now our obligation to determine reasonableness not only by our own constitutional requirements, but also "in the light of the 'fundamental criteria' laid down by the Fourth Amendment and in opinions of this Court applying that Amendment." *Id.* at 33. Moreover, evidence obtained in a search and

---

[1]Art. I, sec. 6, of our constitution is more restrictive than the fourth amendment to the federal constitution. It forbids a warrant to issue "but on complaint in writing * * *." The fourth amendment does not include the requirement that the complaint be in writing. We decide this case, however, on federal standards.

seizure made in disregard of those criteria is inadmissible and should be suppressed. G. L. 1956, §9-19-25; *Mapp* v. *Ohio*, 367 U. S. 643.

A logical starting point for our discussion is the "fundamental criteria" as established by the supreme court in *Nathanson* v. *United States*, 290 U. S. 41, and *Giordenello* v. *United States*, 357 U. S. 480. Under *Nathanson* "Mere affirmance of belief or suspicion is not enough," and a complaint stating only that the affiant "has cause to suspect and does believe" that certain designated merchandise is at a specified location will not support the issuance of a valid warrant; and under *Giordenello*[2] an unqualified averment that the person "did receive, conceal, etc., narcotic drugs * * * with knowledge of unlawful importation" was insufficient because conclusory and not supported by an allegation of underlying facts and circumstances capable of persuading a magistrate, acting in a judicial capacity, to believe that the offense charged had been committed.

In evaluating whether a complaint meets the federal constitutional guarantees,[3] we are told that a magistrate may accept evidence of a less "judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant, " *Jones* v. *United States*, 362 U. S. 257, 270, and that he may find "probable cause" either on evidence less than is required to convict, *Locke* v. *United States*, 11 U. S. 339, 348, or even on that which may be incompetent in a criminal trial, *Draper* v. *United States*, 358

[2]Although Giordenello involved an arrest rather than a search warrant it was nonetheless a fourth amendment case and the court said at page 485: "The language of the Fourth Amendment, that '. . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized,' of course applies to arrest as well as search warrants."

[3]For a complaint which meets these standards, see affidavit set out in appendix to *United States* v. *Ventresca*, 380 U. S. 102, 112.

528

U. S. 307, 311. We are also instructed, however, that while we should "pay substantial deference" to a magistrate's finding that probable cause exists, we must nonetheless demand that his conclusion rest on a substantial basis and insist that he "perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." *Aguilar* v. *Texas,* 378 U. S. 108, 111.

In the application of these "fundamental criteria" and evaluation principles, we look initially to the complaint made by the chief of police and we consider it as if it stood alone and without any benefit which it might derive from the attached affidavit. It recites that "apparatus for the purpose of recording or registering bets and wagers * * * were and still are kept by Joseph LeBLANC * * * and the complainant *believes* the same to be in a certain building * * * occupied by one Joseph LeBLANC who on the 4th Day of November, A.D. 1959, did upon said premises record and register wagers upon the result of contests of speed of beasts * * *." (italics ours)

Clearly a complaint saying no more fails to meet the standards fixed in *Nathanson* and *Giordenello* and would not " 'warrant a man of reasonable caution in the belief' that an offense has been or is being committed." *Brinegar* v. *United States,* 338 U. S. 160, 175. The chief of police neither affirmatively alleged that he had personal knowledge that defendant had registered or recorded a bet, nor indicated either the source of his belief that a crime had been committed or any other basis upon which his accusation could rest. His allegations of guilt were purely conclusory and he neglected to provide the clerk with a statement of any of the underlying facts and circumstances upon which he premised his conclusion or belief. His complaint totally lacks those persuasive qualities which can justify a finding of probable cause. *State* v. *Seymour,* 46 R. I. 257, is overruled to the extent that it permits a magistrate to find prob-

able cause in an unqualified and unsupported averment of guilt.

We have a different case, however, when we consider the complaint upon which the warrant issued as if it included not only the sworn statement of the chief but also the attached affidavit of the two police officers. In that affidavit, which we have set out above, the officers recite that they have reason to believe that gambling was being conducted at the defendant's dwelling house because it had been reported to and investigated by them that he had registered a bet on November 4, 1959 and had forwarded it by telephone. They further aver that they had long had defendant under surveillance.

What is wrong with that affidavit is not that the officers beliefs are premised on a report coming from an undisclosed source, for an affidavit is not deemed insufficient merely because it is based on hearsay. An issuing officer may find a substantial basis for probable cause in an affidavit which states the observations of others if he is advised by the affiant of the underlying circumstances supporting his belief or conclusion and is informed of his reasons for believing that the informant was "credible" or that the information came from a "reliable" source. *United States* v. *Ventresca, supra* at 108, citing *Jones* v. *United States, supra.*

Under those principles the fault in this affidavit is readily apparent. The police officers say nothing as to the credibility of whoever reported to them that gambling was taking place at defendant's dwelling house nor do they state what their basis was for accepting the informant's story as reliable. Moreover, they fail to state any of the underlying facts or circumstances upon which they based their belief that a violation had occurred. The affidavit has a marked

similarity to that found deficient in *Aguilar* v. *Texas*,[4] *supra*, where the court said at page 113:

> "The vice in the present affidavit is at least as great as in *Nathanson* and *Giordenello*. Here the 'mere conclusion' that petitioner possessed narcotics was not even that of the affiant himself; it was that of an unidentified informant. The affidavit here not only 'contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein,' it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge.' For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner's possession. The magistrate here certainly could not 'judge for himself the persuasiveness of the facts relied on . . . to show probable cause.' He necessarily accepted 'without question' the informant's 'suspicion,' 'belief' or 'mere conclusion.' "

Nor can the affidavit in the present case be saved by the officers' further recitals that the report has been "investigated by us" and that "we have long had the said Joseph LeBLANC under surveillance." Those statements are meaningless and without significance as a basis for a finding of probable cause because the officers do not disclose what they found when they investigated or what they saw and observed when they had defendant under surveillance. If they had included within their affidavit the facts and results of their investigation and surveillance we might, of course, have an entirely different case. See *Giordenello* v. *United States, supra,* at 482, n. 1.

In invalidating the search and seizure in this case we are mindful that affidavits for search warrants must be tested

---

[4] The affidavit in that case in material part recited: "Affiants have received reliable information from a credible person and do believe that heroin * * * and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law."

"in a commonsense and realistic fashion," that "technical requirements" should not be insisted upon, and that "A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." *United States* v. *Ventresca, supra* at 108. And at the same time we must, as the court in the same case said at page 111, be "alert to invalidate unconstitutional searches and seizures whether with or without a warrant. * * * By doing so, it vindicates individual liberties and strengthens the administration of justice by promoting respect for law and order." In our judgment we would be acting in complete disregard of the teachings of the supreme court if we did not invalidate this search and seizure.

We conclude, therefore, that the complaint and the attached affidavit do not provide a sufficient basis for a finding of probable cause. For that reason the search warrant should not have issued and the evidence obtained in its execution should have been suppressed.

The defendant's exception to the denial of his motion to suppress evidence is sustained, and the case is remitted to the superior court for a new trial.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for State.

*Moses Kando,* for defendant.