## 46582. COURSON v. THE STATE.

QUILLIAN, Judge. "Where the information upon which an officer seeks the issuance of a search warrant comes from an informant who is not named, it is essential that sufficient facts be stated with specificity to indicate that the

informant was reliable." *Burns v. State,* 119 Ga. App. 678 (2) (168 SE2d 786). In the present case the affidavit for the search warrant only stated: "Deputy Sheriff Randy Howard stated he had information from a reliable informer that Darrell E. Courson, would be coming from Atlanta, with some acid and Marijuana or LSD, and would be driving a 1970 Torino Ford 31-2775, and would be accompanied by Michael Underwood and Richard Blair."

As was held in *Burns v. State,* 119 Ga. App. 678, 683, supra: "It is not enough simply to recite that from information received from a reliable informant the affiant has come to suspect or to believe that a named person is in possession of contraband items. Nathanson v. U. S., 290 U. S. 41 (54 SC 11, 78 LE 159)." See *Patterson v. State,* 124 Ga. App. 465 (184 SE2d 228). The warrant having been illegally issued it was error to deny the motion to suppress.

*Judgment reversed. Jordan, P. J., and Evans, J., concur.*
ARGUED SEPTEMBER 15, 1971—DECIDED JANUARY 26, 1972.

*Myers & Parks, John R. Parks,*for appellant.