We granted certiorari to review the Court of Criminal Appeals' reversal in this case in light of United States v.Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
The salient facts are as follows:
The defendant, Robert Lee Crittenden, had cohabitated with Sara Jackson, who had a nine-year-old daughter. The two quarreled and separated, and, according to the testimony of the defendant, Sara Jackson threatened him, saying that she would get back at him somehow.
Some time after the defendant moved out, Sara Jackson learned that her daughter had gonorrhea. The following day, October 8, 1982, Sara went to the sheriff's office seeking an arrest warrant, and she executed an affidavit in support thereof, which accused the defendant of first degree sexual abuse of her daughter. The defendant was arrested pursuant to the warrant, was convicted by the Circuit Court of Covington County of attempted rape in the first degree, and was sentenced to ten years and a day in prison.
On appeal, the Court of Criminal Appeals, 476 So.2d 626, remanded the case for an evidentiary hearing regarding the issuance of the arrest warrant. The circuit court conducted the hearing, and on return to the remand order the Court of Criminal Appeals reversed the conviction and again remanded the case, because "the arrest warrant was issued on the basis of insufficient probable cause."
In its petition for certiorari, the State argues that, according to Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527 (1983), a magistrate's determination of probable cause should be paid great deference. We agree that the case stands for this proposition in most instances; however, the Court went on to say:
 Our earlier cases illustrate the limits beyond which a magistrate may not venture in issuing a warrant. A sworn statement of an affiant that "he has cause to suspect and does believe" that liquor illegally brought into the United States is located on certain premises will not do. Nathanson v. United States, 290 U.S. 41 [54 S.Ct. 11, 78 L.Ed. 159] (1933). An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and the wholly conclusory statement at issue in Nathanson failed to meet this requirement. An officer's statement that "[a]ffiants have received reliable information from a credible person and do believe" that heroin is stored in a home, is likewise inadequate. Aguilar v. Texas, 378 U.S. 108 [84 S.Ct. 1509, 12 L.Ed.2d 723] (1964). As in Nathanson, this is a mere conclusory statement that gives the magistrate virtually no basis at all for making a judgment regarding probable cause. Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, *Page 634 courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued. [Emphasis added.]
462 U.S. at 239, 103 S.Ct. at 2332. In the case before us, the affidavit reads:
 "Before me, Clerk or Magistrate of District Court, this day personally appeared Sara Jackson and made oath that he [sic] has probable cause for believing and does believe that within twelve (12) months before the making of this affidavit that Robert Lee Crittenden, a/k/a "Bean," whose name is otherwise unknown to the affiant, he being sixteen years of age or older, did subject to sexual contact [the victim], who was less than twelve years of age, in violation of § 13A-6-66 of the Code of Alabama, against the peace and dignity of the State of Alabama. SEXUAL ABUSE — First Degree § 13A-6-66 which said offense has been committed against the peace and dignity of the State of Alabama."
It is clear that this is the "bare-bones" type affidavit that the United States Supreme Court said in Gates would be inadequate. Alabama courts also recognize that affidavits, like the one in the present action, which consist solely of the affiant's conclusion that the named individual committed an offense, without setting forth the facts upon which the conclusion is based, are fatally defective. Malone v. State,51 Ala. App. 19, 282 So.2d 367, writ quashed, 291 Ala. 789,282 So.2d 371 (1973).
A "bare-bones" affidavit can be validated if it is supplemented with additional facts which the magistrate considered before determining that probable cause was present. The Court of Criminal Appeals remanded the case for an evidentiary hearing on this issue, but there was no showing that the magistrate had anything upon which to base the probable cause determination except the affidavit. Without such additional information, the affidavit and arrest warrant cannot be given any effect in this case.
In the case sub judice, soon after his arrest, the defendant gave a confession to the police. According to Taylor v.Alabama, 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982), a confession obtained through custodial interrogation subsequent to an illegal arrest must be excluded from evidence unless there are intervening events which break the causal connection between the illegal arrest and the confession. The State argues that the "good faith" exception propounded in United States v.Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), would require that the arrest based on the defective warrant be upheld, thus allowing the confession to be admitted into evidence. We disagree.
In Leon, the Supreme Court, addressing the argument concerning the policy of deference to a magistrate's probable-cause determination, stated:
 [R]eviewing courts will not defer to a warrant based on an affidavit that does not "provide the magistrate with a substantial basis for determining the existence of probable cause." Illinois v. Gates, supra, 462 U.S. at [239], 103 S.Ct., at 2332. . . .
___ U.S. at ___, 104 S.Ct. at 3417. The Court followed this discussion with a footnote pertaining to the application of the "good faith" exception to such a case, stating in pertinent part:
 Although the Court was willing to assume [in Beck v. Ohio, 379 U.S. 89, [85 S.Ct. 223, 13 L.Ed.2d 142] (1964)] that the arresting officers acted in good faith, it concluded that
 "`good faith on the part of the arresting officers is not enough.' Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134. If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be `secure in their persons, houses, papers, and effects,' only in the discretion of the police." [Beck v. Ohio, 379 U.S. 89, at 97, 85 S.Ct. 223 at 229 (1964).] We adhere to this view and emphasize that nothing in this opinion is intended *Page 635 
to suggest a lowering of the probable-cause standard. On the contrary, we deal here only with the remedy to be applied to a concededly unconstitutional search.
___ U.S. at ___, 104 S.Ct. at 3417. Attempting to clarify the cases in which the newly adopted exception would apply, the Court continued:
 The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); in such circumstances, no reasonably well-trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Brown v. Illinois, 422 U.S. [590] at 610-611, 95 S.Ct. [2254] at 2265-2266 [45 L.Ed.2d 416 (1975)] (POWELL, J., concurring in part); see Illinois v. Gates, supra, 462 U.S. [213] at [___], 103 S.Ct. [2317] at [___, 76 L.Ed.2d 527 (1983)] (WHITE, J., concurring in the judgment). Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient — i.e., in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid. Cf. Massachusetts v. Sheppard, [___] U.S. [___] at [___], 104 S.Ct. [3424] at [___, 82 L.Ed.2d 737 (1984)].
___ U.S. at ___, 104 S.Ct. at 3422. The Court concluded by saying:
 In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause. Only respondent Leon had contended that no reasonably well-trained police officer could have believed that there existed probable cause to search his house; significantly, the other respondents advance no comparable argument. Officer Rombach's application for a warrant clearly was supported by much more than a "bare bones" affidavit. The affidavit related the results of an extensive investigation and, as the opinions of the divided panel of the Court of Appeals make clear, provided evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause. Under these circumstances, the officers' reliance on the magistrate's determination of probable cause was objectively reasonable, and application of the extreme sanction of exclusion is inappropriate.
___ U.S. ___, 104 S.Ct. at 3423. The Court in Leon states that the affidavit at issue was clearly not a "bare-bones" affidavit, and suggests that if it were, the outcome would be different. We are of the opinion that the United States Supreme Court did not wish to extend the "good faith" exception in Leon
to a case such as the one before us. Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.