**COMMONWEALTH of Kentucky, Appellant,**

v.

**Harold WALKER, Appellee.**

Supreme Court of Kentucky.

April 2, 1987.

Rehearing Denied June 11, 1987.

David L. Armstrong, Atty. Gen., Frankfort, Donald C. Buring, Sp. Asst. Atty. Gen., Covington, for appellant.

Richard R. Slukich, Covington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judgment based on a jury verdict which convicted Walker of trafficking in a controlled substance, possession of a controlled substance and cultivating marijuana. He was sentenced to concurrent terms of eight and five years on the cocaine charges and a consecutive term of five years and a $5,000 fine on the cultivation of marijuana charge.

The issues presented are whether the search warrant was defective; whether there was probable cause for the issuance of a search warrant; whether there was sufficient evidence to support a finding that Walker was guilty of trafficking and whether the evidence at trial violated Walker's Fifth Amendment rights.

The circumstances leading to Walker's arrest began on June 4, 1984, in a "controlled buy" situation where agents of the narcotics enforcement unit arranged for the undercover purchase of cocaine. An agent posing as a buyer gave Tammy Hutton money for cocaine. She delivered the money to Daryl Creech who was to obtain the cocaine from his supplier. As a result of surveilling Creech, the agent obtained a search warrant for a single-family residence located at 104 Sanders Drive, Elsmere, Kentucky which Walker occupied. The information supplied by the officer was obtained over a period of several hours of observation. Two surveillance units followed the Creech auto as it parked in front of 106 Sanders Drive and the agents lost sight of Creech briefly but saw him leave his auto and approach Walker's residence at 104 Sanders Drive. Less than five minutes later, they saw Creech standing in the doorway of Walker's residence and then saw him walking towards his auto. The agents did not see Creech either go in or come out of Walker's residence. The Creech vehicle was stopped by the agents a short distance down Sanders Drive at approximately 9:20 p.m. In the vehicle they found four grams of cocaine.

Agent Starnes then executed an affidavit for a search warrant for 104 Sanders Drive in which he stated he had observed Creech go into Walker's house and that Creech remained in the house for approximately four minutes. The warrant was issued by the District Judge and the agents seized $400 of the $420 given by Starnes to Hut-

ton, a quantity of cocaine, and in Walker's attic 22 growing marijuana plants with attendant paraphernalia.

The trial judge conducted a suppression hearing and determined that the drug evidence was admissible as a result of a lawful search. The Court of Appeals reversed the conviction holding that the evidence was inadmissible because it was based on a search conducted in violation of the Fourth Amendment. The appellate court's holding was based on its finding that the search warrant was defective because it was based on a false affidavit. It found that Agent Starnes knew his statement that he saw Creech enter and exit 104 Sanders was false and the affidavit was misleading because that was the only information linking Creech and the cocaine with Walker's home. The appellate court held that suppression of the seized evidence was an appropriate remedy even though it cannot be said that the district judge would have acted differently if presented an affidavit stating the correct facts. This appeal followed.

This Court reverses the decision of the Court of Appeals and reinstates the judgment of the circuit court.

■ The holding by the Court of Appeals that the search warrant obtained for Walker's residence was defective because the agent made a conclusory statement in his affidavit and complaint for a search warrant was erroneous. The type of conclusion made by the agent is not the kind condemned by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *Gates, supra,* condemned affidavits based on merely conclusory statements that gives the magistrate virtually no basis for making a judgment regarding probable cause.

*Gates* cited *Nathanson v. United States*, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933) and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) as examples where a search warrant was issued solely on the basis of a conclusory statement. In *Nathanson, supra,* the affidavit stated in effect that the affiant suspected and believed that liquor illegally brought into the country was located on certain

premises. In *Aguilar, supra,* the affidavit provided that the affiants had reliable information from a credible person that heroin was stored at a particular place. In both of these cases, the conclusion went to the ultimate issue, that is, whether probable cause existed. There were no facts for the issuing magistrate to review. In this case, the district judge reviewed an affidavit detailing the activities of the agents and their informant. The statement of Agent Starnes in the affidavit does not go to the ultimate issue. It is only a reasonable conclusion, based on what the agent observed. This conclusion does not invalidate the search warrant and to interpret it otherwise misconstrues and misapplies *Gates.*

In *Gates,* the United States Supreme Court adopted a common-sense approach to the requirements of the Fourth Amendment, in that a totality of the circumstances test was promulgated. The U.S. Supreme Court made it clear that all courts which might review a search warrant should take this approach. A magistrate's determination of probable cause must be given great deference by reviewing courts. In addition it stated that courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a common-sense approach.

Here the Court of Appeals failed to give any deference to the findings of the trial court at the suppression hearing and did not give proper deference to the decision of the district judge to issue a search warrant. The decision of the Court of Appeals provides a strained and technical reading of the requirements for a valid search warrant under *Gates* and *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), rehear. den. 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942.

RCr 9.78 provides that where there is a suppression hearing, the factual findings of the court which conducts that hearing are conclusive if those findings are supported by substantial evidence. The circuit court judge found that Agent Starnes did not swear falsely in his affidavit or make statements that recklessly disregarded the truth.

*Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) provides a definition for what constitutes false statements or the reckless disregard for the truth. In that case the affiant for a search warrant was accused of including in the affidavit statements of other individuals whom he had never interviewed. He was accused of intentionally lying in the affidavit. That situation is totally unlike the facts of this case. *Franks supra* discussed the meaning of the word truthful and indicated that it does not require that every fact recited in the warrant affidavit be necessarily correct. Mistakes can sometimes occur because the affiant must obtain his information hastily. Mere allegations of negligence or innocent mistake are insufficient to show falsity or reckless disregard for the truth. Here the agent's reasonable statement was nothing more than an innocent mistake.

Even in *Franks,* the U.S. Supreme Court did not suppress the evidence which was seized pursuant to the warrant. The court remanded the case so that the trial court could conduct a hearing to determine whether the affidavit contained false statements or otherwise.

■ There was probable cause for the issuance of the search warrant. The Court of Appeals did not reach the issue of probable cause because they ruled that the warrant was technically defective. However both the Commonwealth and the defense briefed the issue. In the interest of judicial economy, we will now consider it.

*Beemer v. Commonwealth,* Ky. 665 S.W.2d 912 (1984) adopted the *Gates* approach to a totality of the circumstances method of determining whether probable cause existed. *Whisman v. Commonwealth,* Ky.App. 667 S.W.2d 394 (1984) also provides authority for the decision of the trial judge in this regard. We find there is no error in that conclusion.

Another issue which the Court of Appeals did not address was the matter of sufficient evidence to support a finding that Walker was guilty of trafficking in cocaine. There is no reversible error in the manner in which the trial judge disposed of this question.

■ We are not convinced that the evidence presented at trial violated Walker's Fifth Amendment rights. Walker did not make any incriminating statements or give any evidence to the police until after he was read both the *Miranda* warnings and the search warrant.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur.