BOWEN, Presiding Judge.
Mike D. Locke, the appellant, pleaded guilty to and was convicted of possession of marijuana for other than personal use. His sentence of five years’ imprisonment was “split,” and he was ordered to serve one year in the county jail. He raises two issues on this appeal from that conviction. In pleading guilty, the appellant preserved his right to raise these two issues.
I.
The appellant contends that the affidavit in support of the search warrant for his residence is insufficient to establish probable cause. The appellant filed a motion to suppress the evidence gathered during the search. The trial court denied the motion.
The pertinent portion of the affidavit states:
“I further depose and say that the reason for my belief that the above information is reliable, and for my belief in the reliability of the aforementioned informant are as follows: the rehable and confidential informant in this case has been assisting this investigator for approximately three *1115 months. Information provided by this reliable and confidential source has been found to be true and correct on all occasions through surveillance and other reliable and confidential sources. The VAN [vice and narcotics] unit has been receiving information for approximately six months on Michael Locke [with] reference to him dealing marijuana in pounds from the residence at 2010 Dogwood. On 02-01-91 surveillance was set up and ten vehicles were observed to go to the residence in a two-hour period. On 02-01-91 the reliable and confidential informant was at 2010 Dogwood and did see a quantity of marijuana in the house. A check with the utilities shows the house to have utilities in the name of Sylvie Locke who is reported to be Michael Locke’s mother. On 03-04-91 surveillance was again set up on the residence after information was received from a rehable and confidential informant that Locke had made a trip to Texas and picked up a quantity of marijuana. Several subjects were observed to go to the residence and leave. The rehable and confidential informant was at the residence within the past 12 hours prior to making this affidavit and did see a quantity of marijuana there.” Supp.R. 9.
The affiant, Huntsville Pohce Officer Billy Ware, also testified that, at the time he obtained the search warrant, he gave the issuing municipal judge additional information.
“I told Judge Sturdivant that I had reason to believe in support of the reliable and confidential informant, that I had reason to believe due to a meeting I had with Mr. Locke personally in an undercover situation at Bobby G’s on University Drive, in which I talked with Mr. Locke at length in reference to purchasing five pounds of marijuana for $5,000, and which he told me he would pick up in Texas.” R. 11.
This meeting between Officer Ware and the appellant occurred within a two-month period before the search. Even “[a] ‘bare bones’ affidavit can be validated if it is supplemented with additional facts which the magistrate considered before determining that probable cause was present.” Crittenden v. State, 476 So.2d 632, 634 (Ala.1985).
Under the totality of the circumstances test of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984), this affidavit contains sufficient indicia of reliability of the informant’s information and provides a substantial basis for crediting the hearsay of the confidential informant. “[T]he legal sufficiency of a search warrant affidavit should not be determined by a process of isolated dissection. The affidavit should be read ‘in its entirety, giving significance to each relevant piece of information’ and should not be judged in ‘bits and pieces of information in isolation.’ ... Moreover, the affidavit, viewed in its entirety, must be given a common-sense and realistic, rather than a hyper-technical interpretation.” United States v. Cochrane, 896 F.2d 635, 637 (1st Cir.), cert. denied, 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990).
At the hearing on the motion to suppress, Officer Ware testified that he obtained the information in the affidavit from one confidential informant but that “there was more than one reliable and confidential informant in this case.” R. 26. We specifically reject the appellant’s contention that this rendered the affidavit misleading because the affidavit does contain this information: “Information provided by this reliable and confidential source has been found to be true and correct on all occasions through surveillance and other reliable and confidential sources. The VAN [vice and narcotics] unit has been receiving information for approximately six months on Michael Locke with reference to him dealing marijuana in pounds from the residence at 2010 Dogwood.” (Emphasis added).
II.
The appellant also contends that he was searched pursuant to an unlawful arrest. Here, any warrantless and illegal arrest of the appellant did not taint the search of the appellant’s residence pursuant to a search warrant.
The testimony presented at the hearing on the motion to suppress shows that on March 4, 1991, the pohce had established surveil *1116 lance of the appellant’s residence. When the appellant and one Ricky Grubs left the residence, Officer Ware also left and obtained the search warrant. The warrant was signed by the judge at 5:10 that afternoon.
Ware returned with the search warrant. Accompanied by other officers, Ware went to “Bobby G’s,” a bar, where the appellant alleges that he was, in fact, arrested. Huntsville Police Officer Rex Reynolds explained that this was proper police procedure: “[I]t’s very good to catch an offender outside the residence so we can secure him there and return to the residence, that protects us as well as the suspect and also prevents the destruction of the door possibly to get into the residence.” R. 53.
The evidence is conflicting on whether the appellant was actually arrested at the bar and brought back to his residence or whether he was merely informed that the police were going to search his residence pursuant to a search warrant and voluntarily accompanied the police back to his residence. However, even if we assume that the arrest of the appellant was illegal, that allegedly illegal arrest did not “taint” or invalidate the search of his residence. Other than the key to his residence, no evidence, either tangible or testimonial, was obtained from the appellant pursuant to that alleged arrest. See Murray v. United States, 487 U.S. 533, 536-537, 108 S.Ct. 2529, 2533, 101 L.Ed.2d 472 (1988). Here, the search was not the “fruit” of any illegal arrest. See Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 415-16, 9 L.Ed.2d 441 (1963).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.