[No. C022875. Third Dist. Nov. 5, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
TROY DALE LEONARD, Defendant and Appellant.

COUNSEL

Michael B. Dashjian, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edmund D. McMurray and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PUGLIA, P. J.—After his motion to suppress evidence was denied, defendant submitted "slow pleas" to cultivating marijuana and possession of marijuana for sale. (Health & Saf. Code, §§ 11358, 11359.) Found guilty by the court and placed on four years' formal probation defendant appeals, challenging the denial of his suppression motion. He claims the search warrant was infirm because the information upon which it was obtained was not verified under penalty of perjury. Although we agree the warrant was defective as alleged, we conclude that under the good faith exception to the exclusionary rule as set out in *United States* v. *Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405], the suppression motion was properly denied.

On May 13, 1994, Butte County Deputy Sheriff Shane Redmond sought a warrant to search all buildings and grounds at 95 Shane Court, Berry Creek. A "Statement of Probable Cause" was submitted to the magistrate. The statement recounted the training and experience of Officer Redmond in marijuana cases as a member of the sheriff's special enforcement unit and included the following information.

The district attorney's office recently received information from an anonymous caller that defendant and his wife had been growing and selling marijuana for years. Upon ascertaining defendant's address from Department of Motor Vehicles records, Redmond and another officer drove to the Shane Court property, which was enclosed by a wire fence and had a "Private Property, No Trespassing" sign posted at the entrance. From an open area east of the residence, the officers observed six marijuana plants, which appeared to have been recently watered, and watering buckets nearby.

Photos of the plants were taken and attached to the "Statement of Probable Cause." Redmond sought a warrant for all buildings and grounds on the property to search for marijuana, evidence of marijuana cultivation, packaging and weighing materials, records pertaining to narcotics trafficking, and other evidence.

The "Statement of Probable Cause" bore the signature of a deputy district attorney under the caption "APPROVED AS TO FORM," but did not contain either the verification or the signature of Officer Redmond. The affidavit, which lies at the crux of this appeal, contained the following paragraph signed by the officer. "SHANE REDMOND, being sworn says that on the basis of the information contained within this Search Warrant and Affidavit and the attached and incorporated Statement of Probable Cause, he/she has probable cause to believe and does believe that the property described below is lawfully seizable pursuant to Penal Code section 1524, as indicated below, and is now located at the locations set forth below. Wherefore, your Affiant request [sic] that this Search Warrant be issued."

The magistrate issued the warrant and the officers, upon executing it, found more than 100 marijuana plants in the barn and sales paraphernalia in and about the residence.

Defendant was charged in a felony complaint with cultivation of marijuana and possession of marijuana for sale. His motion to suppress was denied by the magistrate and he was held to answer. In superior court, defendant moved to dismiss under Penal Code section 995 alleging erroneous denial of the suppression motion. When that motion failed, defendant waived jury trial and the parties agreed to submit the matter as a "slow plea" on the preliminary hearing transcript. The court found defendant guilty on both counts and placed him on four years' probation with certain conditions, including two hundred days of county jail time. This appeal ensued.

I

Defendant's argument is straightforward: The search warrant was invalid because it was not based on information sworn to by the officer who sought it. The argument breaks down into two components: (1) the "Statement of Probable Cause," which contains all the factual information relied on by the magistrate issuing the search warrant, is unsworn and not signed by Redmond, and (2) the affidavit, which Officer Redmond did swear to, attested to nothing more than his *belief* that the information contained in the "Statement of Probable Cause" gave him probable cause to search the property—a legal conclusion plainly insufficient to constitute the requisite factual showing of probable cause. Defendant's position has merit.

The Fourth Amendment states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and *no Warrants shall issue, but upon probable cause, supported by Oath or affirmation,* and particularly describing the

place to be searched, and the persons or things to be seized." (U.S. Const., 4th Amend., italics added.) The California Constitution contains parallel language. (Cal. Const., art. I, § 13.) Penal Code section 1525 embodies the concept by stating "[a] search warrant cannot be issued but upon probable cause, supported by affidavit . . . ."

■ A magistrate may find probable cause only "from facts or circumstances presented to him under oath or affirmation." (*Nathanson* v. *United States* (1933) 290 U.S. 41, 47 [78 L.Ed. 159, 162, 54 S.Ct. 11].) Unsworn testimony may not be used as the basis for issuing a search warrant where the affidavit itself contains no objective facts supporting it. (*Frazier* v. *Roberts* (8th Cir. 1971) 441 F.2d 1224, 1227-1229.)

■ That is the situation here. An affidavit is defined in Code of Civil Procedure section 2003 as "a written declaration under oath." The three-page "Statement of Probable Cause," even if prepared by Officer Redmond, was not made under oath or even signed by him. Officer Redmond's affidavit submitted to the magistrate incorporated the "Statement of Probable Cause" *and was undoubtedly intended to include the officer's sworn statement that the facts in it were true*, but it did not do that. The officer, "being sworn" avers only that "on the basis of the information contained within [the] . . . attached and incorporated Statement of Probable Cause he/she has probable cause to believe and does believe" that the items described in the accompanying search warrant will be found at the property.

The existence of probable cause based on the information given to the magistrate is, of course, a legal conclusion in its most extreme form. (*People* v. *Camarella* (1991) 54 Cal.3d 592, 601-602 [286 Cal.Rptr. 780, 818 P.2d 63].) The officer's belief is not decisive. Warrants must be issued on the basis of facts, not beliefs or legal conclusions. (*Bailey* v. *Superior Court* (1992) 11 Cal.App.4th 1107, 1112-1113 [15 Cal.Rptr.2d 17].) The submission to the issuing magistrate did not contain *facts* which were sworn to by anyone.

We are cognizant of the rule that on review, the search warrant affidavit is construed in a commonsense and realistic fashion, and that slavish adherence to technical common law pleading requirements is inappropriate. (*People* v. *Mesa* (1975) 14 Cal.3d 466, 469 [121 Cal.Rptr. 473, 535 P.2d 337]; *People* v. *Smith* (1994) 21 Cal.App.4th 942, 948-949 [26 Cal.Rptr.2d 580]; *United States* v. *Ventresca* (1965) 380 U.S. 102, 108 [13 L.Ed.2d 684, 688-689, 85 S.Ct. 741].) The failure of the affiant to swear to the truth of the information given to the magistrate, however, cannot be construed as a "technical" defect. It is a defect of substance, not form.

The omission is not cured, as the People argue, by the paragraph preceding the magistrate's signature on the warrant stating, "This Search Warrant and *incorporated affidavit* was sworn to and subscribed before me this 13th day of May, 1994 . . . ." (Italics added.) As shown above, the affidavit did not swear to any *facts*. Swearing and subscribing to the affidavit therefore added nothing.

The People's assertion that the same claim as defendant raises here "was made and rejected" in *Clifton* v. *Superior Court* (1970) 7 Cal.App.3d 245 [86 Cal.Rptr. 612] is not well taken.

In *Clifton* one Officer Simmons appeared before the magistrate and declared the statements made in the affidavit of probable cause were true. He had not been sworn before he made the declaration. The magistrate certified that the affidavit was "subscribed and sworn" before him.

In rejecting the claim that the affidavit was defective because it was not made under oath, the Court of Appeal noted that the purpose of the affidavit requirement was to prevent perjury. "Simmons' declaration before a magistrate that the statements were true would constitute an oath if he were charged with perjury even though he was not formally sworn." (*Clifton* v. *Superior Court, supra*, 7 Cal.App.3d at p. 254.)

*Clifton* cites Penal Code section 121, which provides that it is no defense to a charge of perjury that the oath was administered "in an irregular manner" or that it was not made in the presence of the administering officer if the accused "caused or procured" such officer to certify that the oath had been taken. Unlike *Clifton*, there is no evidence that Officer Redmond orally informed the magistrate that the facts recited in the "Statement of Probable Cause" were true, nor did the magistrate sign a statement that the officer had done so. As defendant correctly points out, Officer Redmond could not be liable for perjury based on anything he submitted to obtain the warrant.

Because the "Statement of Probable Cause" was not tethered to a declaration under oath that the facts contained therein were true, it cannot support the warrant. Nor does the affidavit support the warrant, since it sets forth only the officer's sworn belief in the existence of probable cause, a legal determination which is exclusively vested in the courts.

## II

Our inquiry does not end here. We must still decide whether the evidence was admissible under the "good faith" exception to the exclusionary rule.

In *United States* v. *Leon, supra,* 468 U.S. 897 [82 L.Ed.2d 677], the United States Supreme Court held "that the exclusionary rule should not be applied when the officer conducting the search acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate that subsequently is determined to be invalid." (*People* v. *Maestas* (1988) 204 Cal.App.3d 1208, 1214 [252 Cal.Rptr. 739].) The court made clear that the state has the burden of establishing "objectively reasonable" reliance (204 Cal.App.3d at p. 1214; 468 U.S. at p. 924 [82 L.Ed.2d at pp. 699-700]), and it described four limited situations in which such reliance would not be established, and in which suppression would remain an appropriate remedy: (i) the issuing magistrate was misled by information that the officer knew or should have known was false; (ii) the magistrate "wholly abandoned his judicial role"; (iii) the affidavit was " 'so lacking in indicia of probable cause' " that it would be 'entirely unreasonable' for an officer to believe such cause existed; and (iv) the warrant was so facially deficient that the executing officer could not reasonably presume it to be valid. (204 Cal.App.3d at p. 1214; 468 U.S. at p. 923 [82 L.Ed.2d at p. 699].) We must decide if this case falls within the last category.

The affidavit and "Statement of Probable Cause" were not so defective on their face that a well-trained officer should have recognized the error and not sought the warrant. The "Statement of Probable Cause," which set forth abundant cause for the search warrant, was accompanied by an affidavit which the officer signed under oath and which contained an incorporation clause. To outward appearances, the supporting papers were in order. The failure of the affidavit to verify under oath the truth of the statements in the "Statement of Probable Cause" was a defect that could be detected only by careful examination of the two documents by one with legal training. Even then, the failure of the officer to swear in the "Statement of Probable Cause" to the facts contained therein escaped the notice of the deputy district attorney, whose signature under the "approved as to form" caption appears at the bottom. Such approval underscores the reasonableness of the assumption by the executing officers that the supporting papers properly supported issuance of a search warrant. (See *People* v. *Camarella, supra,* 54 Cal.3d at pp. 606-607.)

While police officers may be trained to scan the affidavit to verify the existence of probable cause to search, they are not expected to be legal scholars, grammarians or proofreaders. That the oath was on the wrong document or that the affidavit used imperfect language in attempting to incorporate the "Statement of Probable Cause" are not the kinds of mistakes that would make the warrant "so facially deficient . . . that the executing officer could not reasonably presume it to be valid." (*United States* v. *Leon, supra,* 468 U.S. at p. 923 [82 L.Ed.2d at p. 699].)

We conclude the police reasonably relied on the magistrate's issuance of the warrant, and thus the evidence is admissible under *Leon*.

We emphasize however, that were it not for the *Leon* exception, we would be compelled to declare the warrant invalid and the search illegal. We trust those responsible for the defect at issue will take the necessary measures to avoid repetition of this error.

The judgment is affirmed.

Scotland, J., and Raye, J., concurred.

Petitions for a rehearing were denied December 4, 1996, and the opinion was modified to read as printed above. The petitions of both respondent and appellant for review by the Supreme Court were denied February 26, 1997.