> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 1, 2013
Decided June 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3075

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> KEVIN M. SCHUBERT, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 1:11-cr-00291 <br><br> William C. Griesbach, <br> *Judge*. |

**O R D E R**

Kevin Schubert pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and was sentenced to 50 months in prison. His conditional plea preserved his right to appeal the district court's adverse suppression ruling. Schubert appeals, arguing that the search warrant authorizing the search of his vehicle was not based on probable cause supported by oath or affirmation. We conclude that even if the affidavit was deficient, the district court did not err in denying Schubert's motion to suppress. The officers executed the warrant in good-faith reliance on its issuance and therefore the good-faith exception of *United States v. Leon*, 468 U.S. 897 (1984), applies to the search. We accordingly affirm.

I.

In November 2011, sheriff deputies of the Oconto County, Wisconsin, Sheriff's Department were called to a domestic disturbance at the home of "J.F.," Schubert's girlfriend. J.F. reported that Schubert had pushed her and had threatened to shoot her and her family. She also told the deputies that she saw Schubert place three long guns into his car and that she knew that he had a .22 caliber rifle, a muzzle loader, and a .20 gauge shotgun. J.F.'s son reported that he and Schubert had gone target shooting earlier that week with the .20 gauge shotgun.

Schubert was detained and arrested for disorderly conduct. Deputies found four .20 gauge shotgun shells and one .22 caliber bullet on Schubert's person. The deputies requested permission to search Schubert's vehicle; he refused. The vehicle was towed at Schubert's request to the sheriff's impound lot.

The next day, Investigator Keith Johnson of the Oconto County Sheriff's Department prepared a warrant application to search Schubert's impounded vehicle for certain items, including "firearms" and "any other items found to be contraband, which things were used in the commission of, or may constitute evidence of the crime of Felon in Possession of a Firearm." Johnson supported the warrant application with his affidavit, which provided in part:

> The facts tending to establish the grounds for issuing a search warrant are as follows:
>
> Affiant states that he is an investigator with the Oconto County Sheriff's Department and he makes this affidavit on information, belief, and personal knowledge, his information is presumed reliable as a police informant, and on information provided by the Oconto County Sheriff's Department, this information is presumed reliable because it is from affiant's own police agency which agency affiant believes is reputable and reliable.
>
> Kevin M. Schubert was convicted in Outagamie County of a Felon Possessing a Firearm in Outagamie County case number 2011CF404 on November 5, 2002.
>
> Please also see attached report [1] in support of this Search Warrant.

The attached Oconto County Sheriff's Office report was prepared by Deputy Todd Skarban and entitled "Disturbance and request for search warrant." The report detailed the previous day's incident involving Schubert. Deputy Skarban wrote that he responded to "an active domestic disturbance possibly involving a firearm," that Schubert was detained, and that

---

[1] The typewritten word "Affidavit" was crossed out and "report" was handwritten in its place and initialed by Johnson.

Skarban and Deputy Ryan Zahn had asked Schubert "about having firearms in his car." Skarban added that he had asked Schubert for permission to search his car, and Schubert had refused. As a result, Skarban had the car impounded in the Oconto County Sheriff's yard.

The report indicated that Schubert was placed under arrest for disorderly conduct and that Deputy Zahn searched Schubert, finding several .20 gauge shotgun shells and one .22 caliber bullet. Deputy Skarban wrote that J.F. told him that Schubert had pushed her and she had pushed him back toward the door, telling him to get out. The report said that J.F. told Skarban that when Schubert moved into the house about five days before, she noticed he had several long guns and that when he was packing his stuff and putting it in the car, she saw him place three guns in the car. J.F. stated that she believed they were a .20 gauge shotgun, a .22 caliber rifle, and a muzzle loader. According to the report, J.F.'s son stated that he and Schubert had gone target practicing with a .20 gauge shotgun earlier in the week. Based on J.F.'s statements, her son's statement, and the discovery of the shells and bullet on Schubert's person, Deputy Skarban requested the District Attorney's Office to review the report and prepare a search warrant for Schubert's impounded vehicle.

Later that afternoon, Johnson subscribed and swore to the affidavit before an Oconto County Circuit Court Judge, and the judge issued the warrant. Sheriff's deputies executed the warrant and in Schubert's vehicle found two firearms—a .20 gauge pump shotgun and a .22 caliber rifle—among other items. Schubert has several prior felony convictions; thus, he was indicted for possessing these two firearms as a convicted felon.

Schubert moved to suppress the results of the search of his vehicle, arguing, among other things, that the warrant violated the Fourth Amendment's oath or affirmation requirement. The magistrate judge found that the warrant was supported by probable cause based on the information in the affidavit and unsworn police report, and she recommended that the motion be denied. The district judge adopted the recommendation. He found that "the primary factual information upon which a determination of probable cause was required to be made, indeed all of the information with the exception of [Schubert's] prior conviction, was included in the attached police report that was not separately sworn to under oath" and that "there is no showing that Investigator Johnson had any direct knowledge of the facts set forth in the attached report." The judge found that "the issuing judge had more than sufficient information … to make a proper probable cause determination" and that Schubert objected to "the form of the warrant." Based on "[a] common sense reading of the affidavit," the judge found "that Investigator Johnson swore under oath that he had reliable information that Schubert had illegally possessed firearms and evidence of the crime, namely, one or more firearms, was in the trunk of his car" and concluded that "the affidavit was sufficient to establish probable cause and the warrant was valid." The judge also concluded that "even if the warrant were invalid, the officers' good faith reliance upon it would preclude granting [Schubert's] motion to suppress."

II.

Schubert argues that the search warrant was invalid because probable cause was not supported by oath or affirmation. He contends that Investigator Johnson did not swear to any of the facts contained in the unsworn police report authored by Deputy Skarban that purportedly establish probable cause. Schubert also argues that Johnson's incorporation by reference of the police report into his affidavit is insufficient. And he complains that Johnson had no connection to the facts or witnesses detailed in the police report and had no basis for knowing their reliability. Finally, Schubert argues that *Leon*'s good-faith exception does not apply because the affidavit was so deficient that Johnson could not have reasonably believed it supported a valid warrant. (Schubert challenges the affidavit to the extent it is based on Johnson's belief. But this claim—raised for the first time in his reply brief—has been waived. *See United States v. Fluker*, 698 F.3d 988, 1004 (7th Cir. 2012) (noting that arguments raised for the first time in a reply brief are waived unless "exceptional circumstances" justify an exception to waiver).)

A good argument can be made that Investigator Johnson's affidavit was sufficient to establish probable cause supported by oath or affirmation. An affidavit in support of a search warrant can rely on information from other officers and other hearsay if sufficiently reliable. *See, e.g., United States v. Hollingsworth*, 495 F.3d 795, 805 (7th Cir. 2007) ("[A] search warrant need not be based on first-hand observations."); *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) ("[A]n identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause."); *United States v. Spears*, 965 F.2d 262, 277 (7th Cir. 1992) ("In determining whether probable cause exists, a magistrate is entitled to regard an affiant's fellow law enforcement officers as reliable sources."); *United States v. DiNovo*, 523 F.2d 197, 200 (7th Cir. 1975) ("An affidavit for a search warrant can properly include hearsay based on hearsay[.]"). The affidavit incorporates the police report and Johnson swore to the affidavit, thus swearing to the information in the police report as well. *See, e.g., United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir. 1993) (concluding that a statement stapled to a search warrant affidavit was incorporated into the affidavit and thus was sworn to by the affiant and supported the probable cause determination); *United States v. Berisford*, 750 F.2d 57, 58 (10th Cir. 1984) ("There is nothing unusual about reading together the several components of an affidavit for search warrant, where properly incorporated or related by reference." (citations omitted)); *People v. Hale*, 35 Cal. Rptr. 3d 183, 186–87 (Cal. Ct. App. 2005) (holding that affidavit in support of search warrant incorporating statement of probable cause was sufficiently sworn to where officer's statement under oath that he had probable cause to search implied that the facts contained in the statement of probable cause were true). However, the better practice is for the affiant to include all facts establishing probable cause in the search warrant affidavit itself. But even if the warrant was invalid, the district court did not err in denying the motion to suppress.

We review de novo the district court's conclusion that *Leon*'s good-faith exception to the exclusionary rule applies. *United States v. Miller*, 673 F.3d 688, 693 (7th Cir. 2012). "[E]ven if a search warrant [is] invalid because the supporting affidavit fail[s] to support a finding of probable cause, evidence seized in executing the warrant should not be suppressed if the police

officers relied in good faith on the judge's decision to issue the warrant." *Id.* (citing *Leon*, 468 U.S. at 922–23). "[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." *Leon*, 468 U.S. at 916. "[S]uppression of evidence obtained pursuant to a warrant should be ordered . . . only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Id.* at 918. As the Court explained: "[I]n the ordinary case, an officer cannot be expected to question the [issuing judge's] probable-cause determination or his judgment that the form of the warrant is technically sufficient." *Id.* at 921.

An officer's decision to obtain a search warrant is prima facie evidence of the officer's good faith. *Miller*, 673 F.3d at 693. "A defendant can defeat the good-faith exception to the exclusionary rule by showing (1) that the issuing judge abandoned the detached and neutral judicial role; (2) that the officer was dishonest or reckless in preparing the affidavit; or (3) that the warrant was so lacking in probable cause that the officer could not reasonably rely on the judge's issuance of it." *Id.* Schubert does not suggest that (1) or (2) applies but instead urges us to conclude that the warrant was so lacking in probable cause—supported by oath or affirmation—that the deputies could not have reasonably relied on its issuance. (Schubert also suggests that the affidavit was "so facially deficient" that the deputies could not have reasonably presumed it to be valid, but this argument misses the mark. *See, e.g., Leon*, 468 U.S. at 923 (indicating that "so facially deficient" means "failing to particularize the place to be searched or the things to be seized"). There is no question that the affidavit particularly described the place to be searched (Schubert's vehicle) and the things to be seized ("hunting equipment, including but not limited to any firearms").)

The affidavit incorporating the police report is not so defective that a reasonable officer could not reasonably believe that the warrant was valid. Investigator Johnson sought a warrant to search Schubert's vehicle from a neutral, detached judge, which creates a presumption of good faith. The police report contained the facts establishing probable cause (with the exception of Schubert's prior felony conviction, which was detailed in the affidavit) and was attached to the affidavit. The affidavit clearly indicated that Johnson was relying on information in the report—information provided by another officer and his sources of information. Together, the affidavit and report provided probable cause for a search warrant. Investigator Johnson signed the affidavit under oath. It would not be so clear to a reasonable officer that incorporating the unsworn report into the sworn affidavit would deprive the affidavit of probable cause. *Cf. Hale*, 35 Cal. Rptr. 3d at 187 (characterizing the failure to swear to the facts contained in an incorporated statement of probable cause as a "technical defect of form, not substance"). Both the affidavit and report were presented to the issuing judge. Any technical defect in verifying under oath or affirmation the truth of the statements in the police report apparently went undetected by the issuing judge. And the judge, based on his review of the affidavit and report, determined that probable cause existed to search. In this case, a reasonable officer could not be expected to question the judge's determination, but instead could rely in good faith on the issuance of a warrant. *See United States v. Guzman*, 507 F.3d 681 (8th Cir. 2007) (holding good-faith exception applied where affidavit was deficient but officer presented both the affidavit and an incident report supplying additional information to the issuing judge, even though the

affidavit did not incorporate the incident report); *see also People v. Leonard*, 57 Cal. Rptr. 2d 845, 849 (Cal. Ct. App. 1996) (holding that police reasonably relied on the magistrate's issuance of a warrant supported by a sworn affidavit incorporating an unsworn statement of probable cause setting forth "abundant cause" to search). Therefore, the district court did not err in denying Schubert's motion to suppress. We accordingly AFFIRM.